<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

March 17, 2021

Joshua L. Mallin, Esq.
Dennis T. D'Antonio, Esq.
Weg & Myers, P.C.
52 Duane Street, 2nd Floor
New York, NY 10007
*Counsel for Plaintiffs*

Philip Rosenbach, Esq.
Berman Rosenbach, LLC
10 Madison Avenue
Morristown, NJ 07960
*Counsel for Plaintiffs*

Susan M. Kennedy, Esq.
Michael Menapace, Esq.
Wiggin and Dana LLP
50 South 16th Street
Two Liberty Place, Suite 2925
Philadelphia, PA 19102
*Counsel for Defendant*

## **<u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>**

**Re: Manhattan Partners, LLC, et al. v. American Guarantee & Liability Ins. Co.
Civil Action No. 20-14342 (SDW) (LDW)**

Counsel:

Before this Court is Defendant American Guarantee and Liability Insurance Company's ("American" or "Defendant") Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1]  This Court having considered the parties' submissions,

---

[1] Plaintiffs include thirty-four limited liability companies all sharing the same address in Livingston, New Jersey. (D.E. 2 ¶¶ 1-35.)  For branding purposes, the companies all operate under the umbrella of The Briad Group, a registered federal trademark.  (*Id.* ¶ 36; D.E. 12-1 at 1 n. 1.)

having reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, grants Defendant's motion.

**DISCUSSION**

A. Standard of Review

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B. Plaintiffs Have Failed to State a Claim Upon Which Relief Can be Granted

This Court writes only for the parties and assumes their familiarity with the procedural and factual history of this matter. Plaintiffs are involved in hospitality and restaurant management, and operate dining and lodging establishments such as Wendy's, T.G.I. Friday's, Marriott, and Hilton. (D.E. 2 ¶¶ 48-50.) When the COVID-19 pandemic reached the United States in early 2020, governors across the country issued emergency orders ("Stay-at-Home Orders") to prevent the spread of the virus, which recommended "that individuals stay at home," restricted large gatherings, and temporarily closed non-essential businesses. (*Id.* ¶¶ 55, 59, 66-68.) As a result, Plaintiffs contend they suffered "a significant loss of revenue," and seek to recover under a commercial property insurance policy issued by Defendant (the "Policy").[2] (*Id.* ¶¶ 42, 81.)

The Policy provides coverage for: 1) "direct physical loss of or damage caused by a Covered Cause of Loss to Covered Property"; 2) losses resulting from "the necessary Suspension of the Insured's business activities at an Insured Location" where the Suspension is "due to direct physical loss of or damage to Property"; 3) business expenses incurred "due to direct physical loss of or damage caused . . . to Property"; and 4) losses sustained as a result of "the necessary

---

[2] The Policy, No. ERP0247816-01, issued to The Briad Group, was in effect from May 1, 2019 to May 1, 2020. (D.E. 1 ¶¶ 41; 70.) Plaintiffs also seek to reform the Policy to replace The Briad Group with the thirty-four limited liability companies named as plaintiffs in the Complaint, to accurately reflect the ownership of the properties at issue. (*Id.* ¶¶ 97-101.) Defendant does not object, and therefore, this Court will grant Count Two of Plaintiffs' complaint for reformation of the Policy. (*See* D.E. 12-1 at 1 n.1 (indicating that Defendant "does not dispute that the LLCs should be considered insureds and will enter into a stipulation to that effect, mooting any reformation claim"); D.E. 16 at 1 n.1.)

Suspension of the Insured's business activities at an Insured Location if the Suspension is caused by order of civil or military authority that prohibits access to the Location" where that order results "from a civil authority's response to direct physical loss of or damage . . . to property not owned, occupied, leased or rented by the Insured." (D.E. 12-2 ("Policy") §§ 1.01; 4.01.01; 4.02.03; 5.02.03.) The Policy excludes coverage for losses arising from "Contamination" which is defined as "[a]ny condition of property due to the actual presence of any foreign substance, impurity, pollutant, hazardous material, poison, toxin, pathogen or pathogenic organism, bacteria, virus, disease causing or illness causing agent, Fungus, mold or mildew." (*Id.* § 3.03.01.01; 7.09.) Plaintiffs claim that they are entitled to coverage under the Policy because COVID-19 "led to physical loss and damage both within and within the vicinity of the various insured locations" which "directly led to Plaintiffs['] subsequent economic damages." (D.E. 2 ¶ 60.) More specifically, Plaintiffs claim that the virus caused damage because it "existed both on surfaces found within the insureds' and surrounding premises as well as the breathable air circulating within" those premises. (*Id.*)

On October 31, 2020, Plaintiffs filed suit in this Court for breach of contract, alleging that Defendant had wrongfully denied their claims for coverage under the Policy. (*See generally* D.E. 2.) Defendant subsequently moved to dismiss, and all briefing was timely filed. (D.E. 12, 15, 16.)

Plaintiffs have failed to meet their burden to show that their claims fall "within the basic terms of the [Policy]." *See, e.g. Arthur Anderson LLP v. Fed. Ins. Co.*, 3 A.3d 1279, 1287 (N.J. Super. Ct. App. Div. 2010). The Policy unambiguously limits its coverage to physical loss or damage to Plaintiffs' commercial property. Each of the coverage provisions Plaintiffs rely on specifically requires "direct physical loss of or damage to property" to trigger coverage. (Policy §§ 1.01; 4.01.01; 4.02.03; 5.02.03.) Here, Plaintiffs have not alleged any facts that support a showing that their properties were physically damaged. Plaintiffs' general statements that the COVID-19 virus was on surfaces and in the air at their properties is insufficient to show property loss or damage. *See, e.g. Handel v. Allstate Ins. Co.*, Civ. No. 20-3198, 2020 WL 645893, at *3 (E.D. Pa. Nov. 6, 2020 (relying on *Port Auth. of New York & New Jersey v. Affiliated FM Ins. Co.*, 311 F.3d 226, 235 (3d Cir. 2002)). To the extent that Plaintiffs claim that the Stay-At-Home Orders led to their business losses, they again fail to show the necessary loss of or damage to property required under the Policy's explicit terms. In addition, Plaintiffs' claim fails because the Stay-At-Home-Orders deemed restaurants "essential" business, which were permitted to remain open, albeit with restrictions designed to protect public health. (*See, e.g.* D.E. 12-8 (stating that restaurants could remain open with some limits to "service and hours of operation"); *4431 Inc. v. Cincinnati Ins. Co.*, Civ. No. 20-4396, 2020 WL 7075318, at *13 (E.D. Pa. Dec. 23, 2020) (determining that "plaintiff's ability to continue limited take out and delivery operations at the premises precludes coverage under the civil authority provision; a prohibition of access to the premises, which is a prerequisite to coverage, is not present").)[3] Although this Court is

---

[3] A final bar to Plaintiffs' claims can be found in the Policy's Contamination exclusion, which clearly and explicitly excludes coverage for damage, loss or expense arising from a virus. (Policy § 3.03.01.01; 7.09.) *See, e.g. Mac Prop. Grp. LLC v. Selective Fire & Cas. Ins. Co.*, No. L-02629-20, slip op. at *5-7 (N.J. Super. Ct. Nov. 5, 2020) (dismissing claims for coverage where policy contained a virus exclusion provision); *N&S Rest., LLC v. Cumberland Mutual Fire Ins. Co.*, Civ. No. 20-5289, 2020 WL 6501722, at *3-4 (D.N.J. Nov. 5, 2020). This Court is unpersuaded by Plaintiffs'

sympathetic to the very real losses businesses have suffered during this pandemic, it cannot grant Plaintiffs the relief they seek.[4]

**CONCLUSION**

Plaintiffs' claim for reformation of the contract is **GRANTED**. Defendant's Motion to Dismiss Count One of the Complaint is **GRANTED with prejudice** and Motion to Dismiss Count Two of the Complaint is **DISMISSED AS MOOT**. An appropriate order follows.

                                                           /s/ Susan D. Wigenton
                                                           **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
       Leda D. Wettre, U.S.M.J.

---

argument that the Contagion exclusion has been modified by an endorsement to the Policy which removed the word "virus" and, therefore, is inapplicable here. (*See* D.E. 15 at 28-35.) The endorsement to which Plaintiffs refer is titled "Amendatory Endorsement – Louisiana" and appears in a list of state-specific endorsements. (*See* Policy EDGE-219-C.) Had the parties intended to remove "virus" from the Contamination provision, they could have done so with a general endorsement that was not limited to a single state.

[4] This Court is not alone in this finding, as numerous other federal courts have reached the same conclusion in suits involving similar policy terms. *See, e.g. Café Plaza de Mesilla, Inc. v. Cont'l Cas. Co.*, Civ No. 20-354, 2021 WL 601880, at *5-6 (D.N.M. Feb. 16, 2021); *ATCM Optical, Inc. v. Twin City Fire Ins. Co.*, Civ. No. 20-4238, 2021 WL 131282, at *4-8 (E.D. Pa. Jan. 14, 2021); *Part Two LLC v. Owners Ins. Co.*, Civ. No. 20-1047, 2021 WL 135319, at *3-4 (N.D. Ala. Jan. 14, 2021); *Riverwalk Seafood Grill, Inc. v. Travelers Cas. Ins. Co. of Am.*, Civ. No. 20-3768, 2021 WL 81659, at *3-4 (N.D. Ill. Jan. 7, 2021); *Boulevard Carroll Entm't Grp., Inc. v. Fireman's Fund Ins. Co.*, Civ. No. 11771, 2020 WL 7338081, at *2 (D.N.J. Dec. 14, 2020); *Chattanooga Prof'l Baseball Inc. v. Baseball LLC*, Civ. No. 20-01312, 2020 WL 6699480, *3 (D. Ariz. Nov. 13, 2020); *N&S Rest v. LLC v. Cumberland Mut. Fire Ins. Co.*, Civ. No. 20-05289., 2020 WL 6501722, at *2-4 (D.N.J. Nov. 5, 2020); *Hillcrest Optical, Inc. v. Cont'l Cas. Co.*, Civ. No. 20-275, 2020 WL 6163142, at *9 (S.D. Ala. Oct. 21, 2020); *Henry's La. Grill, Inc. v. Allied Ins. Co. of Am.*, Civ. No. 20-2939, 2020 WL 5938755, at *5-6 (N.D. Ga. Oct. 6, 2020); *Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's London*, Civ. No. 20-1605-T-30AEP, slip op. at *5 (M.D. Fl. Sept. 28, 2020); *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, Civ. No. 20-3213, 2020 WL 5525171, at *5 (N.D. Cal. Sept. 14, 2020); *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, Civ. No. 20-907, 2020 WL 5500221, at *6 (S.D. Cal. Sept. 11, 2020); *Turek Enters., Inc. v. State Farm Mut. Auto. Ins.*, 484 F. Supp. 3d 492, 502 (E.D. Mich. 2020); *10E, LLC v. Travelers Indem. Co. of Conn.*, 483 F. Supp. 3d 828, 836 (C.D. Cal. 2020); *Malaube, LLC v. Greenwich Ins. Co.*, Civ. No. 20-22615, 2020 WL 5051581, at *8 (S.D. Fla. Aug. 26, 2020); *Diesel Barbershop v. State Farm Lloyds*, 479 F. Supp. 3d 353, 360 (W.D. Tex. 2020).